IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:14-CR-7-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RICKY NELSON SIMPSON ) | |
| a/k/a "BOSSMAN," ) | |
| ) | |
| Defendant. ) | |

On September 29, 2016, Anitra Bailey ("Bailey") mailed a letter to the court, which the clerk filed on October 6, 2016, requesting that the United States return $2,185 in currency seized during the search of a residence that Bailey shared with defendant Ricky Nelson Simpson ("Simpson"). See [D.E. 90]. Bailey alleges that the seized funds belong to her, were the proceeds from a loan from her 401(k) account, and were illegally seized. See id. Bailey's claim of October 6, 2016, restates a claim that she made in a letter dated December 9, 2015, which the clerk filed on February 16, 2016. See [D.E. 77]. On October 20, 2016, the United States responded in opposition to Bailey's motions [D.E. 91]. As explained below, the court denies Bailey's motions.

On August 15, 2011, the Dare County Sheriff's Office ("DCSO") arrested Simpson on state drug charges and executed a state search warrant at Simpson's residence. See Presentence Investigation Report [D.E. 30] ¶ 7. During the search, DCSO agents discovered $2,185 in cash as well as illegal narcotics, digital scales, and drug-packaging material. See id. Pursuant to the state search warrant, DCSO agents seized the money, drugs, and drug paraphernalia. See id. The DCSO continues to have possession of the $2,185, and no federal agency has ever had possession of the funds. See [D.E. 91] 2.

On April 23, 2014, a federal grand jury indicted Simpson on federal drug charges [D.E. 4]. Although the indictment contains a forfeiture notice, the indictment does not reference any specific property. See id. On September 2, 2014, Simpson pleaded guilty to violating 21 U.S.C. § 846, and the court sentenced him on February 18, 2015, to 96 months' imprisonment. See [D.E. 26, 27, 43, 44]. Simpson's sentence did not include a forfeiture order, and the United States never pursued administrative, civil, or criminal forfeiture of any property. See [D.E. 44, 91].

The court lacks subject-matter jurisdiction over Bailey's motions for return of property. The seized currency is not and never has been within the physical custody or possession of the United States, and the United States cannot return property it does not possess. See, e.g., United States v. Solis, 108 F.3d 722, 723 (7th Cir.1997); Watkins v. United States, No. WDQ–13–3838, 2014 WL 3661219, at *3 (D. Md. July 21, 2014) (unpublished). Moreover, the United States did not use the seized money as evidence, seize the money as a part of a federal investigation, or have state officers seize the money pursuant to a federal search warrant. Cf. United States v. Ocampo, No. 06-20172, 2009 WL 3617987, *2 (E.D. Mich. Oct. 30, 2009) (unpublished). Thus, the court lacks subject-matter jurisdiction to consider Bailey's motions. If Bailey has a remedy concerning the currency, she must seek the remedy in Dare County Superior Court.

In sum, the motions for return of funds [D.E. 77, 90] are DENIED.

SO ORDERED. This **18** day of November 2016.

JAMES C. DEVER III
Chief United States District Judge

2

Case 2:14-cr-00007-D   Document 94   Filed 11/28/16   Page 2 of 2