IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:14-CR-7-D
No. 2:15-CV-44-D

| | | |
|---|---|---|
| RICKY NELSON SIMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On December 28, 2015, Ricky Nelson Simpson ("Simpson") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 96-month sentence [D.E. 71]. On January 13, 2016, Simpson filed a motion to appoint counsel [D.E. 76]. On August 17, 2016, the government moved to dismiss Simpson's section 2255 motion [D.E. 83] and filed a memorandum in support [D.E. 84]. On October 5, 2016, Simpson responded in opposition to the government's motion to dismiss [D.E. 89]. As explained below, the court grants the government's motion to dismiss, dismisses Simpson's section 2255 motion, and denies Simpson's motion to appoint counsel.

I.

On April 23, 2014, a federal grand jury charged Simpson with conspiracy to distribute and possess with intent to distribute cocaine base (crack) and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("count one") and possession with intent to distribute 28 grams or more of cocaine base and a quantity of cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("count two"). See [D.E. 4] 1–2. On September 2, 2014, pursuant to a plea agreement [D.E. 27], Simpson pleaded guilty to count one, and the government agreed to dismiss count two at sentencing. See id.; Rule 11 Tr. [D.E. 64] 20–35. During Simpson's Rule 11 colloquy,

Simpson swore that he understood the charge to which he was pleading guilty and understood the maximum penalties provided for that charge. See Rule 11 Tr. 28. Simpson also swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 13–14, 22–24, 26–28, 32–34. Simpson also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum on count one. See id. 24, 28. Simpson also swore that no one had threatened him or anyone else or made any promise to him or anyone else that made him decide to plead guilty. Id. 24–25. Simpson also swore that he understood the appellate waiver in his plea agreement. Id. 26–28.

At the end of his Rule 11 hearing, Simpson pleaded guilty to count one, and the government provided a factual basis for the guilty plea. See id. 32–38. The court then accepted Simpson's guilty plea to count one. See id. 38–40.

On February 18, 2015, at Simpson's sentencing hearing, the court calculated Simpson's advisory guideline range as 121–151 months' imprisonment on count one. See Sent. Tr. [D.E. 62] 5–6. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Simpson's allocution, the court varied down and sentenced Simpson to 96 months' imprisonment on count one. See id. 16–21. Pursuant to the plea agreement, the court dismissed count two. See id. 21.

Simpson appealed. On October 22, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Simpson's conviction, enforced the appellate waiver in his plea agreement, and dismissed the appeal of his downward variant sentence. See United States v. Simpson, 621 F. App'x

192, 193 (4th Cir. 2015) (per curiam) (unpublished).

On December 28, 2015, Simpson filed his section 2255 motion. See [D.E. 71]. Simpson makes two claims. First, Simpson contends that his attorney was constitutionally ineffective by threatening, coercing, and tricking Simpson into waiving his appellate rights in the plea agreement. Id. 4. Second, Simpson contends that his attorney was constitutionally ineffective by ignoring Simpson's girlfriend's claim that $2,185 recovered from Simpson's residence were not drug proceeds, but were the proceeds of a loan that she received from her retirement plan. Id. 5.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Simpson's ineffective-assistance claims, "[t]he Sixth Amendment entitles criminal

defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Simpson must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

First, Simpson claims that his lawyer threatened, coerced, and tricked Simpson into waiving his appellate rights in his plea agreement. See [D.E. 71] 4. During Simpson's Rule 11 hearing, however, Simpson swore under oath that no one had "threatened him or anyone else concerning his guilty plea." Rule 11 Tr. 24–25. Moreover, during Simpson's Rule 11 hearing, Simpson swore that

4

he had discussed his entire plea agreement with his lawyer, that he understood each term in the plea agreement, and understood his appellate waiver. Id. 25–28.

Simpson's sworn statements at his Rule 11 proceeding bind him and defeat his claim of ineffective assistance of counsel. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Simpson's counsel did not render ineffective assistance concerning the appellate waiver, and Simpson's first claim fails.

Next, Simpson contends that his attorney was constitutionally ineffective by ignoring his girlfriend's claim that $2,185 recovered from Simpson's residence were not drug proceeds, but were the proceeds of a loan that she received from her retirement plan. See [D.E. 71] 5. The contention fails for at least three reasons. First, Simpson cannot use section 2255 to attack retroactively his advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999); Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); Spencer v. United States, 773 F.3d 1132, 1138–44 (11th Cir. 2014) (en banc). Second, in Simpson's plea agreement, Simpson agreed that his base offense level was 32, and the court used this base offense level at sentencing. See [D.E. 27] 9–10; PSR ¶ 50; Sent. Tr. 5–6. The $2,185 did not affect Simpson's base offense level. See PSR ¶¶ 7–9, 50. Third, Simpson received a downward variant sentence. Thus, there was no prejudice concerning the $2,185.

After reviewing the claims presented in Simpson's motion, the court finds that reasonable jurists would not find the court's treatment of Simpson's claims debatable or wrong, and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a

certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 83], DISMISSES Simpson's section 2255 motion [D.E. 71], DENIES Simpson's motion to appoint counsel [D.E. 76], and DENIES a certificate of appealability.

SO ORDERED. This 15 day of December 2016.

*[signature]*
JAMES C. DEVER III
Chief United States District Judge